UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                                          Case No: 1:19-10194-mew

    Jonathon Patrick Carroll,                    Chapter 11

                     Debtor.
------------------------------------------------------------ X

## ORDER CONFIRMING THAT THE AUTOMATIC STAY IS INAPPLICABLE TO NON-DEBTOR PROPERTY

Upon the motion (the "Motion") of 497 Greenwich Street Lender LLC ("497 Lender"), by and through its attorneys, Kriss & Feuerstein LLP, for entry of an Order: (a) confirming that the automatic stay is inapplicable as to the non-debtor owned real property commonly known as (i) 497 Greenwich Street, Unit 22 (PHA), New York, New York 10013 (Block: 594, Lot: 1224), (ii) 556 Third Street, Brooklyn, New York 11215 (Block: 1080, Lot: 31); and (iii) 49 Browns Lane, Bellport, New York 11713 (District: 202, Section: 9, Block: 2, Lot: 15) (collectively, the "Properties") upon the instant bankruptcy filing pursuant to 11 U.S.C. §§ 105, 362(c) and 362(j) as the Properties are not owned by Debtor; (b) or alternatively, relief from the automatic stay pursuant to 11 U.S.C. §§105, 361, 362(d)(1) and 362(d)(2) to permit 497 Lender to exercise any and all rights and remedies available to it under applicable law with respect to the Properties; (c) waiver of the 14 day stay of execution rule pursuant to Rule 4001(a); and (d) granting such other and further relief as this honorable Court may deem just, proper and equitable; and a hearing having been held on March 6, 2019 (the "Hearing"), before the Honorable Michael E. Wiles, United States Bankruptcy Judge, at which Hearing the Debtor's Counsel and counsel for 497 Lender appeared, and the Office of the United States Trustee appeared; and the Court having considered the Debtor's Objection to the Motion (ECF No. 11); and

**IT FURTHER APPEARING**, based on the record of the Hearing, that the Properties that are the subject of the Motion are owned by limited liability companies, and are not directly by the Debtor, Jonathan Patrick Carroll; and the Court having ruled, at the Hearing and based on the provisions of the New York Limited Liability Company Law, that the Debtor's ownership of membership interests in certain limited liability companies does not give the Debtor any property rights in the properties owned by those limited liability companies; ;

**NOW, THEREFORE, AFTER DUE DELIBERATION AND FOR SUFFICIENT CAUSE.  IT IS HEREBY**

**ORDERED,** that 497 Lender's Motion is hereby GRANTED to the extent set forth herein; and it is further

**ORDERED**, that the automatic stay imposed in the individual chapter 11 case filed by Jonathan Patrick Carroll does not apply and shall not apply to actions against the Properties because the Properties are not property of Mr. Carroll's estate; and it is further

**ORDERED,** that to the extent necessary the automatic stay in Mr. Carroll's chapter 11 case is lifted so as to permit the 497 Lender to pursue foreclosure remedies against the Properties and such remedies as it may have against non-debtor entities; and it is further

**ORDERED**, that this order shall survive conversion of this case to one under any other chapter of title 11 of the United State Code.

Dated: New York, New York
March 12, 2019

                                                s/Michael E. Wiles
                                                HONORABLE MICHAEL E. WILES
                                                UNITED STATES BANKRUPTCY JUDGE